McBRIDE, Judge.-
‘Plaintiffs and defendant each own their homes situated on lots within the confines of the same subdivision in St. Bernard Parish, all of which lots are subject to the same restrictive covenants running with -the land. These covenants provide, among ■other things, that “All lots in the subdivision shall be known and designated as residential lots. * * * No noxious or ■offensive trade or activity shall be carried ■on upon any lot nor shall anything be done thereon which may become an annoyance or nuisance to the neighborhood.”
Plaintiffs instituted this action to enjoin the defendant’s violation of the restrictive covenants, alleging that he was conducting a business upon his said premises; that he performed mechanical repairs on various kinds of heavy machinery and ■equipment; operated in connection with the aforesaid activities noisy and loud gasoline motors and air compressors; stored large quantities of gasoline in exposed tanks .•and containers on the premises; and stored quantities of heavy machinery on the premises which presented to the neighborhood an unsightly and disorderly appearance. After a trial of the usual rule nisi, a preliminary injunction was issued against defendant enjoining said activities on his property, and defendant has appealed.
The evidence introduced by plaintiffs upon trial of the rule nisi is to the effect that a corporation of which defendant is president has its principal establishment on defendant’s property; that the telephone in defendant’s home is advertised as being the business telephone number of said corporation ; that defendant’s corporation has intermittently and/or constantly repaired, stored, operated, maintained, painted, chipped and scraped, adjusted and tuned great quantities of various types of equipment, gasoline engines, motors, spray painters, air compressors, diving equipment, acetylene welding torches, electric arc welding machines and oxygen cutting torches on the premises; that the corporation employs from three to five persons other than defendant and his wife; that said employees work on and with the equipment mentioned above on said premises from 8 o’clock a. m. until dusk, Saturdays and Sundays included, etc.
Plaintiffs have a right to enjoin violations of the restrictive covenants running with their land and which also bear against defendant’s property. The question whether a preliminary injunction shall issue in any given case addresses itself to the sound discretion of the trial judge. A preliminary injunction is nothing more than an interlocutory judgment or decree, the design of which is to preserve and maintain the existing status pending a hearing of the issues by the court on the merits of the controversy. City of New Orleans v. Langenstein, La.App., 91 So.2d 114.
We are convinced that plaintiffs have made out a prima facie case that defendant is using his premises other than for. residential purposes and that he carries *176 on a noxious trade or activity in violation of the restrictive covenants, and in issuing the preliminary injunction to halt defendant’s activities, the trial judge did not abuse his discretion.
The judgment appealed from is affirmed. The matter is remanded to the lower court for further proceedings in accordance with law. Defendant is cast to pay the costs of this appeal, while all other costs in the matter are to await a final determination thereof.
Affirmed and remanded.